ERNST WEDEMANN, Plaintiff, *v.* UNITED STATES TRUST COMPANY OF NEW YORK, as Administrator, etc., of LEON MICHELSON, Deceased, Defendant.

Supreme Court, New York County, January 28, 1930.

*Samuel J. Rosensohn,* for the plaintiff.

*Duer, Strong & Whitehead* [*Selden Bacon* of counsel], for the defendant.

GAVEGAN, J. Application is made for an order striking out denials in the reply as sham and frivolous and as not meeting the first defense. That defense is to the effect that the court should refuse to entertain the action; and defendant seeks to have the action dismissed because, as defendant contends, it is brought by a non-resident upon a foreign claim against an ancillary administrator of a non-resident alien. From the papers submitted, it is made apparent that what defendant seeks chiefly is a ruling that the court should not retain jurisdiction of the case. It is brought by a non-resident against an ancillary administrator. The decedent was last domiciled in Switzerland. Neither a lien against nor a claim to specific local assets is pleaded. Whether such ruling should be made is a matter of discretion. Ordinarily we would expect to find one not residing in this State suing on a general claim, as distinguished from a claim to certain assets or an interest therein, pursuing his remedy in the jurisdiction of domiciliary administration. The practice of allowing non-residents to litigate differences arising out of contract is not applicable in view of the restricted purpose, in regular order, of the appointment of an ancillary administrator; the object of appointing such administrator being to clear

up the local situation and send surplus local assets to the domiciliary representative. In addition to what is mentioned below in reference to the denials in the reply, defendant also supports its application for dismissal by indicating that grave injustice might be done to it were it required to go to trial in the United States. It shows that it would need testimony from witnesses in Russia, and that lack of satisfactory relationship between Russia and the United States would probably render it impossible to take the depositions of those witnesses for use in this country. Defendant also shows justification for its statement that to meet plaintiff's claim it would be necessary to take depositions of witnesses located at a number of widely separated places in Europe. It is said on defendant's side that the action was brought here to create difficulties for the defense. Seeking to have the court hold the case for trial, we find counsel for plaintiff mentioning solvency and sufficiency of assets here to satisfy his client's claims and asserting that they would be barred in Europe by limitations of time as well as that they are fundamentally based on a contract alleged to have been made in this State, asserting also that the greater part of the claims arose in this State. All this is not admitted. In fact, the first defense in the amended answer is to the contrary, being to the effect that the court should not retain jurisdiction. To that defense there is a reply, consisting, so far as it relates to said defense, of denials. These are challenged both as to form and substance. The denials should separately relate to each and every allegation of a stated paragraph of the answer, as to which, so far as justified by the facts, plaintiff might deny that he has any knowledge or information thereof sufficient to form a belief. But the application rests on more substantial grounds and my decision takes no account of form or of other matters which might be cured in an amended reply.

Plaintiff's first cause of action is for reimbursement of advances alleged to have been made on account of delivery of merchandise, as well as for commissions and charges for shipment. The second cause of action is on an alleged account stated in a foreign country out of said claims first set forth by plaintiff. Particulars which have been furnished as to the alleged account stated indicate that it does not rest on the common law. This case did not initiate the litigation. It really began some twelve years ago, and related proceedings have been conducted in the Surrogate's Court of New York county. Counsel for defendant is able to point to many averments and verified allegations in demonstrating that the challenged denials of the reply are sham so far as they are directed at material allegations of fact set up in the first defense. In general it may be said that the denials indicate a desire to avoid meeting

squarely and fairly defendant's allegations and recitals interposed to show ·that jurisdiction should be declined.   In this connection defendant's contentions are made clear by contrasting with the various denials of knowledge what has been set forth under oath by plaintiff's side at previous stages of the litigation and what has been judicially declared therein, as well as what has been or obviously ought to be admitted.   It is probable that the reply, though served pursuant to agreement between counsel, was intended by plaintiff not to join real issues of fact, but as a step in bringing the case to an advanced stage in order that it might be urged that jurisdiction be retained.   We are met with plaintiff's evasive lack of knowledge when he is brought face to face with allegations in previous pleadings and with particulars furnished, as well as with demonstrated facts having bearing· on important matters, such as plaintiff's assertion that there was an underlying contract made in this State and that the major part of his claims arose here.   He says he is not called upon to plead to statements of law and to immaterial allegations. In this he is right.   But what defendant has shown indicates that plaintiff's denials of knowledge in many instances put plaintiff in the position of a witness who fails to speak, though having knowledge available.   This does not imply, as his counsel states, that defendant contends issues of fact are to be tried out on affidavits. What is implied and is decided is that, though he has had his opportunity of showing that the case should be kept here, he has failed to do so.   Apart from the insufficiency of the reply it is shown by what is made evident as to plaintiff's claims, their character and origin, that there are no reasons for entertaining this action in our State.   That a counterclaim was interposed is not in point.   There is no question as to sufficiency of process, as to jurisdiction having been acquired.   Whether it should be retained is the question.   The counterclaim does not invalidate the defense. It will not be reached until the defense is disposed of, but would then be necessary to present defendant's claim were the ruling against it on the discretionary question.   The suggestion that the Surrogate's Court might hear the claims has not to any extent whatever led me to decide, as I do, against allowing the action to continue in this court.   The denials to the first defense which have been attacked are stricken out.   They are sham so far as they relate to material facts.

Let the clerk enter judgment dismissing the complaint, with costs.